**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERCY HUTTON,** | : | **Case  No. 1:05-CV-2391** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | <u>**ORDER**</u> |
| | : | |
| **Respondent.** | : | |

Petitioner, Percy Hutton ("Hutton"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 15, 2005, (ECF DKT # 10).  After the parties fully briefed the issues, Hutton filed a motion for discovery, (ECF DKT # 23).  Because Hutton simultaneously was seeking relief in state court on the very issues he wished to obtain discovery here, the Court denied the motion without prejudice, (ECF DKT # 27).  After completing his state court litigation, Hutton re-filed a motion for discovery currently pending before the Court, (ECF DKT # 36).

As part of her opposition to the motion, Respondent, Betty Mitchell, ("Respondent"), argued, as she did in the return of writ, the petition was filed untimely and should therefore be dismissed, (ECF DKT # 37).  Prior to deciding the pending discovery motion, the Court will address whether Hutton filed his habeas petition in a timely manner.  For the following reasons, the Court finds, while it is a close question whether Hutton filed the petition within the statute of limitations period set forth in 28 U.S.C. § 2244(d), he is in any event entitled to equitable tolling of the statute.  The instant matter will therefore continue and the Court will proceed to deciding the merits of the discovery motion in a separate Order.

## I. State Court Procedural History

On February 5, 1986, a Cuyahoga County jury recommended, and the trial court subsequently adopted, Hutton be sentenced to death.  Represented by trial counsel, Floyd Oliver, Hutton filed a timely appeal to the Eighth District Court of Appeals.  On April 28, 1988, the Eighth District reversed the convictions and ordered a new trial.  *State v. Hutton*, No. 51704, 1988 WL 39276 (Ohio Ct. App. Apr. 28, 1988).  Because the Eighth District Court of Appeals reversed the convictions, it did not perform an independent review of Hutton's sentence pursuant to Ohio Revised Code § 2929.05(A).[1]

---

[1]  That statute states in pertinent part:
> (A) Whenever a sentence of death is imposed pursuant to sections 2929.03 and 2929.04 of the Revised Code, the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, and the supreme court shall . . . review and independently weigh all of the facts and other evidence disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate.

On appeal from the Eighth District's decision, the Ohio Supreme Court reversed, reinstating Hutton's convictions and sentences on February 6, 1990. *State v. Hutton*, 53 Ohio St.3d 36 (1990).  Following the holding in *State v. Gillard*, 40 Ohio St.3d 226, 235 (1988), the Ohio Supreme Court remanded the case to the Eighth District to perform the required independent weighing of Hutton's death sentence.  Hutton moved for counsel after the remand, but the Eighth District denied the motion on January 8, 1991. *Return*, Apx. Vol. VII, at 3.  The Eighth District Court of Appeals thereafter performed its weighing analysis, finding the death sentence was appropriate on January 17, 1991. *State v. Hutton*, 72 Ohio App.3d 348 (1991).

Mr. Oliver filed a motion for reconsideration on Hutton's behalf. *Return*, Apx. Vol. 7, at 16.  The Eighth District denied the motion on February 1, 1991.  Hutton did not immediately appeal the decision to the Ohio Supreme Court and Mr. Oliver died on August 21, 1991. *State v. Hutton*, 100 Ohio St.3d at 180.  Because Hutton had no legal representation, no further action occurred in this matter.

Although the record does not contain a corresponding motion for the appointment of counsel, the Eighth District Court of Appeals appointed counsel to represent Hutton on appeal to the Ohio Supreme Court on February 12, 1992. *Return*, Apx. Vol. 7, at 32.[2]  Despite this order of appointment, the case was not appealed to the Ohio Supreme Court and that court consequently took no action on the matter until the State moved for an execution date, which the Ohio Supreme Court granted on July 17, 1996. *Id.*   This action prompted David L. Doughten,

---

Ohio Rev. Code § 2929.05(A).

[2]       Neither Hutton nor the Respondent explain what precipitated the Eighth District's order to appoint Hutton counsel at this juncture.

Hutton's appointed counsel, to file a petition for post-conviction relief on September 11, 1996. *Return*, Apx. Vol. 11, at 49.

Concurrently, the Cuyahoga County Public Defender filed an application to re-open Hutton's direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), also known as a *Murnahan* application, in the Eighth District Court of Appeals.[3]  The Eighth District denied the application on March 20, 2000.  *Return*, Apx. Vol. 8, at 30.  Hutton thereafter simultaneously appealed the denial of the *Murnahan* application and filed a motion for delayed direct appeal to the Ohio Supreme Court for a review of the Eighth District's 1991 independent weighing of Hutton's sentence.  He also filed a motion to consolidate the two appeals.  On October 18, 2000, the Ohio Supreme Court granted Hutton's motion for a delayed appeal of the 1991 judgment of the court of appeals and the motion to consolidate.  *State v. Hutton*, 90 Ohio St.3d 441 (2000).  It issued a decision on the merits on November 5, 2003.  *State v. Hutton*, 100 Ohio St.3d 176 (2003).

Hutton's state post-conviction appeals concluded on December 15, 2004, when the Ohio Supreme Court refused to exercise jurisdiction over the Eighth District's denial of post-conviction relief.  *Return*, Apx. Vol. 13, at 53.  As stated above, Hutton filed his petition for a writ of habeas corpus in this case on December 15, 2005, (ECF DKT # 10), precisely one year

---

[3]      That Rule states in pertinent part:
        **(B) Application for reopening**
                (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.
        Ohio R. App. P. 26(B).

-4-

after the completion of his post-conviction appeals.[4]

## II. Compliance with Statute of Limitations

### A. Standard of Review

The standard by which the Court must determine the timeliness of the petition is set forth

in 28 U.S.C. § 2244(d):

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when Hutton's direct appeal concluded under

---

[4]     Hutton also filed a second petition for post-conviction relief on February 2, 2001.  Neither party has asserted this litigation tolled the statute of limitations or in any way affected the limitations period.  Accordingly, the Court does not consider the effect of this litigation in its Order.

§ 2244(d)(1)(A).  Not surprisingly, there is no decisional authority containing a factual history similar enough to the procedural history of Hutton's case to be of use to the Court.  Instead, the Court reviews the parties' arguments and some general principles applicable to statutes of limitations.

### B. Analysis

The Respondent first observes under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year grace period for filing a federal habeas petition for any case in which the direct appeal concluded prior to the enactment of the statute.  This grace period runs from the enactment date of the statute, April 24, 1996, to April 24, 1997.  *Duncan v. Walker*, 533 U.S. 167, 183 (2001).  She asserts Hutton utilized approximately four months of the one-year grace period, from April 24, 1996, when there was nothing pending in the Ohio courts, until September 11, 1996, the date on which Hutton filed a petition for post-conviction relief.  As noted above, Hutton waited exactly one year from the date his post-conviction appeals expired to file a federal habeas petition.  The Respondent therefore concludes the four months that elapsed in 1996 renders Hutton's petition untimely.

Hutton argues he did not exceed the one-year limitations period.  First, he claims because he has a statutory right to the Ohio Supreme Court's independent weighing of his death sentence under Ohio Revised Code § 2929.05, as noted above, the Court cannot find his direct appeal concluded prior to this review.  Thus, he contends, his direct appeal did not conclude until 2003, when the Ohio Supreme Court issued its independent weighing decision.  He next argues the Ohio Supreme Court remanded only the sentencing portion of his case to the Eighth District.  Consequently, the remaining portions of the case were pending with the Ohio Supreme Court

-6-

during the entire time prior to its independent weighing of the sentence.

He also notes the Ohio Supreme Court forgave his delay when it granted his motion for delayed appeal and conducted a merit review of his sentence.  Hutton suggests the Court look to the actions of the state court in this instance for guidance, as the Sixth Circuit did in *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).  There, the Sixth Circuit admonished federal habeas courts to follow a state court's application of its own law.  Thus, he argues, because the Ohio Supreme Court forgave any delay in the direct appeal, this Court should follow suit.

Citing Ohio Supreme Court Practice Rule 2, Section 2, A(1)(a), the Respondent retorts it was incumbent upon Hutton to file an appeal from the Eighth District's holding within 45 days of the issuance of its sentence re-weighing decision.[5]  Because he failed to comply with this Rule, the Respondent claims, the Court should deem Hutton's direct appeal to be concluded for purposes of § 2244(d)(1)(A) 45 days after the Eighth District Court of Appeals issued its re-weighing opinion.  Moreover, the Respondent cites to *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001), in which the Sixth Circuit held, while a motion for delayed appeal could toll the statute of limitations pursuant to § 2244(d)(2), it does not cause the statute to begin to run anew upon its filing.  The Respondent therefore re-asserts her position the four-month period in 1996 during which no case was pending in the Ohio courts counted towards the one-year limitations period.

---

[5]        Ohio Supreme Court Practice Rule 2, Section 2, A(1)(a), provides:
                (A) *Perfection of Appeal*
                (1)(a) To perfect an appeal from a court of appeals to the Supreme
                Court, other than in a certified case conflict, the appellant shall file
                a notice of appeal in the Supreme Court within 45 days from the
                entry of the judgment being appealed.
        Ohio Supreme Ct. Prac. R. 2.

As stated above, the unique procedural history of this matter leaves this Court with no precedent from which to obtain guidance.  A few general principles, however, aid the Court in its decision making.  Basic to the policy underlying statutes of limitations is the requirement that litigants pursue their claims without undue delay to "prohibit the prosecution of stale claims." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003).  Thus, Hutton's failure to file a timely notice of appeal to the Ohio Supreme Court after the Eighth District's weighing of his sentence, as well as his one-year delay in filing a federal habeas petition upon the completion of his state post-conviction litigation, thwarts that policy.

Conversely, the Court also observes Hutton's statutory right to Ohio Supreme Court independent weighing of his sentence.  His direct appeal could not have concluded until that statutory requirement was met.  Because of the circumstances of Hutton's case in particular – the fact that counsel had passed away and the Eighth District's inexplicable denial of counsel until well after the time for filing a notice of appeal had expired – the Court would be within its discretion to find Hutton's direct appeal did not begin until the Ohio Supreme Court issued its sentencing opinion.

While it is a close question, the Court ultimately decides Hutton's petition is untimely pursuant to the statute.  Although not directly on point, the Sixth Circuit held in an unpublished decision the direct appeal of a petitioner who failed to appeal his decision to the Ohio Supreme Court concluded 45 days after the court of appeals' decision became final.  *Wilberger v. Carter*, No. 99-3577, 35 Fed. Appx. 111 (6th Cir. Jan.18, 2002).   Thus, while extenuating circumstances certainly exist here that were not present in the *Wilberger* case, it appears the Sixth Circuit would find Hutton's direct appeal concluded 45 days after the Eighth District issued its

-8-

independent weighing opinion.  Despite Hutton's colorable arguments to the contrary, the Court finds the petition was filed outside the one-year limitations period as required by § 2244(d).

### III. Eligibility for Equitable Tolling

### A. Standard of Review

In *Keenan v. Bagley*, 400 F.3d 417 (6th Cir. 2005), the Sixth Circuit explicitly set forth the standard of review a habeas court should utilize when adjudicating whether a petitioner who untimely filed a petition is entitled to equitable tolling of the statute of limitations.  It held a "district court must consider the '(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" *Id.* at 422 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). Accordingly, in determining whether Hutton is entitled to equitable tolling, the Court must examine his actions in light of the five factors set forth above.

### B. Application of Factors

#### 1. Lack of actual notice of filing requirement

Under the circumstances presented here, the Court cannot know whether Hutton or his counsel had any actual knowledge of the 45-day filing requirement to perfect a notice of appeal to the Ohio Supreme Court or actual knowledge of the one-year limitations period of § 2244(d). Any conclusions the Court could draw based on the facts in the record are speculative and better addressed in the review of Hutton's constructive knowledge, below.

#### 2. Lack of constructive knowledge of filing requirement

The Court finds Hutton did not have constructive knowledge about the time to perfect his

-9-

direct appeal to the Ohio Supreme Court after its remand.  The Eighth District Court of Appeals initially denied Hutton's request for counsel.  Mr. Oliver, apparently acting as *pro bono* counsel, filed a motion for reconsideration, which the Eighth District denied on February 1, 1991.  As stated above, Mr. Oliver then died on August 21, 1991.

While one could argue Mr. Oliver should have filed an appeal to the Ohio Supreme Court within the 45-day time limit, the Eighth District had not actually appointed Mr. Oliver to represent Hutton.  Moreover, the record is silent on the state of Mr. Oliver's health in the months leading up to his death.  Thus, although the Court must fill in the factual gaps in the record with supposition, it is fair to assume Hutton had no constructive knowledge of the 45-day time limit to file a notice of appeal because of his lack of legal representation at that point.

On identical grounds, the Court conversely finds Hutton was aware of the one-year limitations period under § 2244(d).  At that juncture of his state-court litigation, Hutton had continuous representation by counsel.  Because the statute had been enacted several years prior to the conclusion of these proceedings, post-conviction counsel had constructive knowledge of the one-year limitation for filing for federal habeas relief.[6]

### 3. Diligence in Pursuing One's Rights

In her briefs, the Respondent underscores Hutton's lack of diligence in filing for direct appeal once the Eighth District appointed appellate counsel on February 12, 1992.  Moreover, she queries why post-conviction/habeas counsel waited an entire year after Hutton's post-

---

[6]      The Court's appointment of habeas counsel on October 20, 2005, (ECF DKT # 4), is irrelevant to this analysis because, even if habeas counsel had filed the petition on the exact day they were appointed, under the Respondent's calculations, the petition still would have been filed untimely.

conviction proceedings had concluded before filing the federal habeas petition.  She iterates Hutton has failed to explain his lack of diligence at both points in his lengthy appeals process.

The Respondent's argument is not without merit.  Had appellate counsel filed a motion for delayed direct appeal upon appointment, it may have been pending when the grace period went into effect on April 24, 1996.  Under the *Searcy* holding, any such pending motion would have tolled the grace period under § 2244(d)(2).  Even if it were not pending at the time of the AEDPA's enactment, the filing of a motion for delayed direct appeal may have rescued Hutton's case from stagnation in state court.  Hutton also offers no explanation about why he waited an entire year after the conclusion of his post-conviction appeals before filing his federal habeas petition.

It remains unclear why the Eighth District failed to appoint counsel until well after the 45-day limit for filing a timely notice of appeal had expired.  Accordingly, while the Court finds Hutton was not altogether diligent in pursuing his direct appeal or filing for federal habeas relief, Hutton cannot be held entirely responsible for this delay.  Moreover, as Hutton observes in his briefs, the Ohio Supreme Court granted Hutton's motion for delayed direct appeal, forgave the delay, and conducted a merit review of his sentence.

### 4. Absence of Prejudice to the Defendant

In the instant action, as with all capital habeas cases in which the petitioner delays the proceedings, the Respondent inures prejudice based on the delay.  Other than delaying the enforcement of its criminal judgment, thereby delaying finality in this matter, the State does not articulate how it will be prejudiced by the Court's decision to find § 2244(d) should be equitably tolled to allow Hutton to obtain a merit review of his federal habeas petition.

-11-

*5. Plaintiff's Reasonableness in Remaining Ignorant of Notice Requirement*

The final factor the Court must consider in determining whether Hutton is entitled to the equitable tolling of § 2244(d) presents it with a close question.  Although Mr. Oliver could have filed a timely appeal to the Ohio Supreme Court, it is perhaps unfair to hold Hutton accountable for the inactions of his presumably *pro bono* counsel who may have been in failing health.  Also unclear is the Eighth District's decision to appoint appellate counsel after an entire year had elapsed since its denial of Hutton's motion for reconsideration.  Thus, while Hutton waited over four years after the Eighth District's decision to pursue his direct appeal, he cannot be held wholly accountable.

Hutton's delay in filing a federal habeas petition until one year from the date his post-conviction proceedings concluded is less defensible.  As stated above, he offers no explanation for this delay.  Given the dearth of decisional law factually on point, however, post-conviction counsel arguably were not unreasonable in failing to comprehend the full implications of waiting an entire year under the complicated procedural history of this case.  Accordingly, based on the balancing of factors set forth above, the Court finds Hutton is entitled to the equitable tolling of § 2244(d).

## IV. Conclusion

The Court finds Hutton has not complied with the statute of limitations requirements as set forth in § 2244(d).  While Hutton's assertion his direct appeal did not conclude until the Ohio Supreme Court issued its sentence-weighing decision as required by Ohio Revised Code § 2929.05 has some merit, neither Ohio Supreme Court nor Sixth Circuit precedent supports that interpretation of the statute.  Moreover, because statutes of limitation generally are not subject to

-12-

exceptions, the Court finds the better means of examining the extenuating circumstances presented in Hutton's state procedural history is pursuant to the doctrine of equitable tolling. Based on the factors as analyzed thereunder, the Court finds, on balance, Hutton is entitled to the equitable tolling of 28 U.S.C. § 2244(d) and a merit review of his petition.

**IT IS SO ORDERED.**

<u>**S/Christopher A. Boyko**</u>
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**

September 16, 2008

-13-