**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERCY HUTTON,** | : | **CASE NO. 1:05 CV 2391** |
| Petitioner, | : | |
| | : | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | |
| | : | **MEMORANDUM OF OPINION** |
| Respondent. | : | **AND ORDER** |

Before the Court is Petitioner Percy Hutton's ("Hutton" or "Petitioner") Motion to Alter or Amend Judgment Under Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 69.) He asks the Court to vacate its judgment of June 7, 2013, denying his Petition for Writ of Habeas Corpus, because of an intervening change in controlling law. (ECF No. 68.) Respondent Warden Betty Mitchell opposes the motion. (ECF No. 70.) For the following reasons, Petitioner's motion is denied.

**I.    Relevant Background**

Hutton was convicted of Aggravated Murder, Murder and Attempted Murder, and sentenced to death by a jury in January 1986 for the shooting of two men, one of whom died,

over an alleged theft of a sewing machine.[1] Hutton's conviction and sentence were left undisturbed by direct appeal and state post-conviction proceedings. Hutton filed his Petition for Writ of Habeas Corpus on December 15, 2005, asserting sixteen claims for relief. (Doc. 10-1.) He filed an Amended Petition on June 20, 2011, asserting thirteen claims for relief. (ECF No. 60.) This Court denied Hutton's Petition on June 7, 2013. (ECF No. 68.)

Hutton now has filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asking the Court to dismiss its judgment denying his Petition; appoint new counsel; allow his current habeas counsel to withdraw; and allow new counsel sufficient time to review the record and file an amended petition if necessary. (ECF No. 69, 18.) Hutton bases this request primarily upon the United States Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Respondent counters that Hutton is not entitled to relief under Rule 59(e), because he is attempting to raise arguments that could, and should, have been made before the Court's judgment was issued. (ECF No. 70, 4-5.)

**II. Analysis**

A motion under Rule 59(e) of the Federal Rules of Civil Procedure allows district courts to alter, amend, or vacate a prior judgment.[2] Fed. R. Civ. P. 59(e)*; Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary

---

[1] The facts of this case are more fully set forth in *State v. Hutton*, 53 Ohio St. 3d 36, 559 N.E.2d 432 (Ohio 1990)*,* and this Court's Memorandum of Opinion and Order, dated June 7, 2013. (ECF No. 68.)

[2] The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ." Habeas Corpus R. 12.

appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 343. 348 (6th Cir. 1988)) (internal quotation marks omitted).  It permits courts to amend judgments if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *Gencorp, Inc. v. American Internat'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.  *Huff*, 675 F.2d at 122.  However, relief under Rule 59(e) "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  *U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (Holschuh, J.) (citations omitted).  *See also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting that the "extraordinary circumstances" justifying the reopening of a final judgment "will rarely occur in the habeas context").

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."  *Howard*, 533 F.3d at 475.  *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988).  "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"  *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374).

Hutton bases his request under Rule 59(e) on the Supreme Court decisions in *Martinez v. Ryan*, *supra*, and *Trevino v. Thaler, supra,* which he claims represent "an intervening change in controlling law."  In *Martinez*, the Court held that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a

3

claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.  This holding represents a "limited qualification" to its prior decision *Coleman v. Thompson*, 501 U.S. 722 (1991), in which the Court held that an attorney's negligence in a post-conviction proceeding does not establish cause to excuse procedural default.  *Id*. at 1319.  The Court explained that it created this exception to *Coleman* to acknowledge "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim."  *Id*. at 1318.  The Court was careful to note the holding's limitations, however, emphasizing that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here."  *Id*. at 1320.  In *Trevino v. Thaler*, the Court elaborated on and expanded the *Martinez* exception, explaining that it is applicable not only in circumstances where a state requires a defendant to initially raise an ineffective-assistance-of-trial-counsel claim in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement, or when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review.  *Trevino*, 133 S. Ct. at 1921.

Hutton argues that, under *Martinez* and *Trevino*, he now can claim that his counsel's representation of him during both post-conviction and habeas proceedings caused an "inherent" conflict of interest.  And, that conflict made it impossible for him to raise his failure to develop the record sufficiently on post-conviction as a cause for the procedural bar to many of his claims.  He is entitled, therefore, to a dismissal of the Court's judgment, new counsel and an amended petition.  (ECF No. 69, 1-2, 15-16.)

The Court agrees with Respondent, however, that Hutton is not entitled to the relief he

4

seeks under Rule 59(e) because the law he cites was not "intervening." The Supreme Court decided *Martinez* and *Trevino* before this Court issued its decision denying Hutton's Petition on June 7, 2013: *Martinez* was decided on March 20, 2012; *Trevino*, on May 28, 2013. Thus, Hutton could have raised these issues before this Court's ruling, but he did not. The arguments, therefore, are barred.[3] *See Howard,* 533 F.3d at 475 ("The *Montanez* decision, upon which Howard bases his claim for post-judgment relief, was decided before Howard even filed his motion to vacate sentence, and Howard could have, and arguably should have, raised this argument earlier."); *Sault Ste. Marie Tribe*, 146 F.3d at 374 ("Because the Lac Vieux could have, but did not, raise their argument before the district court ruled on the motion to compel compliance, the argument is barred.").

**VIII. Conclusion**

Accordingly, Petitioner's Motion to Alter or Amend Judgment Under Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 69) is denied.

IT IS SO ORDERED.

                                                     S/Christopher A. Boyko
                                                     CHRISTOPHER A. BOYKO
                                                     UNITED STATES DISTRICT JUDGE

August 9, 2013

---

[3] Even if the Court were to apply *Martinez* as Hutton requests, his arguments most likely would fail. Regardless of whether a conflict of interest arose because Hutton's counsel represented him on both post-conviction and habeas, the Court notes that it did not "[find] that the performance of postconviction counsel resulted in an undeveloped issue," as Hutton contends. (ECF No. 69, 16.) The Court never directly or indirectly found Hutton's attorneys responsible for his unsubstantiated claims. There are many possible reasons for a lack of sufficient evidence to support a claim, including the possibility that stronger or additional evidence simply did not exist.