**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERCY HUTTON,** | : | **CASE  NO.  1:05 CV 2391** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | |
| | : | **MEMORANDUM OF OPINION** |
| **Respondent.** | : | **AND ORDER** |

Before the Court is Petitioner Percy Hutton's ("Hutton" or "Petitioner") Motion for

Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (ECF

No. 81.)  He asks the Court to vacate its judgment of June 7, 2013, denying his Petition for Writ

of Habeas Corpus (ECF No. 68).  Respondent Warden Betty Mitchell ("Respondent") filed a

brief in opposition, to which Hutton replied.  (ECF Nos. 82, 83.)  For the following reasons,

Hutton's Motion is denied.

**I.     Relevant Background**

Hutton was convicted of Aggravated Murder, Murder and Attempted Murder and

sentenced to death by a jury in January 1986 for the shooting of two men, one of whom died,

over an alleged theft of a sewing machine.  Hutton's direct appeal and state post-conviction

proceedings were unsuccessful.  Hutton filed a Petition for Writ of Habeas Corpus in this Court

on December 15, 2005.  (ECF No. 10-1.)  He amended his Petition on June 20, 2011, setting

forth thirteen grounds for relief.  (ECF No. 60.)  Two of his grounds alleged ineffective

assistance of trial counsel, asserting twelve separate claims of deficient performance.  (*See* ECF

No. 67 at 30.)

One of Hutton's complaints centered on counsel's failure to investigate and present

sufficient mitigating evidence.  (*See* ECF No. 66 at 27-30.)  Hutton had raised that claim on

direct appeal to the Ohio Supreme Court, which adjudicated it on the merits.  *State v. Hutton*, 53

Ohio St. 3d 36, 48-49, 559 N.E.2d 432, 446 (Ohio 1990).  He raised it again in his first state

post-conviction Petition.  (*See* ECF No. 67 at 32-33.)  Hutton submitted affidavits with his

Petition supporting the claim, including information about Hutton's treatment at a residential

facility for troubled children, Beech Brook.  (*See* ECF No. 81 at 17-18; ECF No. 16-12 at 102.)

The state courts dismissed the claim on the ground of res judicata.  (*See* ECF No. 67 at 32-33.)

This Court found Hutton's mitigation ineffective-assistance claim preserved for federal

habeas review, explaining:

> As a preliminary matter, this Court concludes that the ineffective-
> assistance sub-claims Hutton raised to the Ohio Supreme Court are preserved for
> habeas review *even where* he also raised them on post-conviction and the state
> court declined to address them on the ground of res judicata.  Those sub-claims
> are:  counsel's failure to investigate and present mitigation evidence and
> counsel's failure to object to the admission of the PSI. . . .  "[W]hen a state court
> declines to review the merits of a petitioner's claim on the ground that it has done
> so already, it creates no bar to federal habeas review."  *Cone v. Bell*, 556 U.S.
> 449, 466 (2009).  *See also Ylst,* 501 U.S. at 804 n.3 (when a "state decision rests
> upon a prohibition against *further* state review," the decision "neither rests upon
> procedural default nor lifts a pre-existing procedural default, [and] its effect upon
> the availability of federal habeas is nil").  In those cases, habeas courts "look
> through" the later decision to the prior reasoned state-court judgment.  *Id*. at 805.

(*Id*. at 35.)  The Court found Hutton's remaining trial counsel ineffective-assistance sub-claims

procedurally defaulted: some because the state post-conviction court found them barred by res

judicata, as they were not raised on direct appeal to the Ohio Supreme Court when they could

have been; and others because they were never raised in state court at all.  (*Id*. at 36-41.)

The Court denied Hutton's Petition on June 7, 2013.  (ECF No. 68.)  It found his

mitigation ineffective-assistance claim meritless (*see* ECF No. 67 at 59-70), but granted a

Certificate of Appealability ("COA") on the claim (*id*. at 118).

On June 19, 2013, Hutton filed a motion pursuant to Federal Civil Rule 59(e), asking the

Court to alter or amend its judgment denying his Petition; appoint new counsel; allow his

current habeas counsel to withdraw; and allow new counsel sufficient time to review the record

and file an amended petition if necessary.  (ECF No. 69 at 18.)  Hutton based this request on the

United States Supreme Court decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino*

*v. Thaler*, 133 S. Ct. 1911 (2013).  In *Martinez*, the Court held that the "[i]nadequate assistance

of counsel at initial-review collateral proceedings may establish cause for a prisoner's

procedural default of a claim of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.  In

*Trevino*, the Court expanded the scope of *Martinez* to apply to Texas's procedural framework,

which by reason of its "design and operations," made it "highly unlikely in a typical case that a

defendant [would] have a meaningful opportunity to raise a claim of ineffective assistance of

trial counsel on direct appeal . . . ."  *Trevino*, 133 S. Ct. at 1921.  The Sixth Circuit has yet to

decide whether *Trevino* applies to Ohio ineffective-assistance claims.  *See McGuire v. Warden*,

*Chillicothe Corr. Inst.*, 738 F.3d 741, 759 (6th Cir. 2013).

In Hutton's Rule 59(e) motion, he argued that *Martinez* and *Trevino* constituted "an

intervening change of controlling law."  (See ECF No. 69 at 4.)  He stated that one of his habeas

counsel, David Doughten, had represented him during state post-conviction proceedings and had failed to develop the record sufficiently to support Hutton's post-conviction ineffective-assistance-of-trial-counsel claims.  He contended that under *Martinez*, he now could claim that Doughten's deficient post-conviction performance created an "inherent" conflict of interest during habeas proceedings, as Doughten "could not" raise his own ineffectiveness as a cause for the procedural bar to the habeas ineffective-assistance claims.  (*See id*. at 3-4, 10.)  The Court denied the motion because *Martinez* and *Trevino*, having been decided before this Court issued its decision denying Hutton's Petition, were not "intervening."  (ECF No. 70, 4-5.)

Hutton filed his Notice of Appeal to the Sixth Circuit from this Court's judgment on August 20, 2013.  (ECF No. 72.)  On October 6, 2013, Hutton's habeas attorneys, Doughten and John Gibbons, filed a motion in the Court of Appeals to withdraw and appoint new counsel for Hutton, based on Doughten's conflict of interest due to *Martinez* and *Trevino*.  (Case No. 13-3968, ECF No. 13.)  On October 18, 2013, the Court granted the motion without "even indirectly" ruling on its supporting legal contentions and appointed new counsel.  (Case No. 13-3968, ECF Nos. 15, 19.)

On September 26, 2014, Hutton filed a Motion to Remand in the Sixth Circuit "for briefing by recently appointed habeas counsel to determine whether claims previously adjudicated to be procedurally defaulted should have the default forgiven based on *Martinez v. Ryan* . . . ."  (Case No. 13-3968, ECF No. 37 at 1.)  Hutton repeated his argument that under *Martinez*, Doughten's deficient conduct in developing the post-conviction record created a conflict of interest during habeas proceedings, as Doughten "could not be expected" to raise his own ineffectiveness as a cause for the procedural bar to his habeas ineffective-assistance claims.

4

(*See id*. at 4-5.)

The Sixth Circuit denied the Motion on April 23, 2015.  (Case No. 13-3968, ECF No. 45-1.)  It concluded,

> Hutton has had opportunities, absent in *Martinez* and *Trevino*, to adequately present these claims to the district court.  For instance, Hutton had an opportunity to raise this conflict-of-interest issue in his habeas proceedings before the district court and failed to do so.  Although Hutton argues that the same attorney whose alleged ineffectiveness deprived him of a fully developed record also represented him at the federal habeas stage – and could not be expected to raise his own ineffectiveness – Hutton fails to address why that attorney's co-counsel (who was appointed only at the habeas stage) could not have done so.

(*Id*. at 3.)

Now, Hutton is back in this Court, advancing the same argument under *Martinez* and *Trevino* to support a request to dismiss the Court's judgment denying his habeas petition and reopen his case.  (ECF No. 81.)  But this time his Motion is made pursuant to Federal Civil Rule 60(b)(6), and he bases the request on "newly discovered evidence"related specifically to one of his ineffective-assistance sub-claims.  (*Id*. at 1.)  Hutton states that he has obtained medical records from Beech Brook, the residential facility where Hutton was placed from age nine to eleven.  He claims the records reveal "the horrendous circumstances" of Hutton's childhood.  (*Id*. at 3.)  Hutton also submits an evaluation from a psychologist opining that the records are "highly significant."  (*Id*.)  He maintains Doughten was ineffective in failing to uncover and present this "powerful" mitigating information to support his post-conviction claim that his trial counsel was ineffective for failing to investigate and present sufficient evidence at the mitigation phase of his trial.  (*Id*.)  Again, he argues that under *Martinez* and *Trevino,* Doughten's deficient performance during post-conviction proceedings created a conflict of interest during his habeas

representation of Hutton because Doughten was unable to raise his own ineffectiveness as cause

for the procedural default of Hutton's mitigation ineffective-assistance claim.  (*Id.* at 14.)

Through this Motion, he asks the Court to consider that argument now.

**II.     Analysis**

      **A.     Rule 60(b) and § 2244(b)**

Federal Civil Rule 60(b) allows a party to seek relief from a final judgment, and request

reopening of the case, under a limited set of circumstances, including fraud, mistake, and newly

discovered evidence.  Hutton bases his Motion on Rule 60(b)(6), a catchall provision that

provides relief for any "other reason that justifies relief."  (*See* ECF No. 81 at 4.)  Subsection

(b)(6) is properly invoked only in "exceptional or extraordinary circumstances" not specifically

addressed by the first five numbered clauses of the Rule.  *Hopper v. Euclid Manor Nursing

Home, Inc*., 867 F.2d 291, 294 (6th Cir. 1989).  Courts, therefore, must employ Rule 60(b)(6)

"only in 'unusual and extreme situations where principles of equity *mandate* relief.'"  *Blue

Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th

Cir. 2001) (quoting *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis

original)).  Rule 60(b)(6) is not to be used "as a substitute for an appeal, . . . or as a technique to

avoid the consequences of decisions deliberately made yet later revealed to be unwise."

*Hopper*, 867 F.2d at 294.

Like all federal civil rules, Rule 60(b) applies in habeas corpus proceedings brought

under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") only "to the extent

that [it is] not inconsistent with" applicable federal statutes and rules.  28 U.S.C. § 2254 R.12.

One possible conflict that courts have examined is whether by filing a Rule 60(b) motion, a

habeas petitioner is in fact filing a "second and successive" petition governed, and in most cases barred from consideration, by AEPDA's § 2244(b).

Under the gatekeeping provisions of 28 U.S.C. § 2244(b), a "claim presented in a second or successive habeas application" that was "presented in a prior application" must be dismissed. 28 U.S.C. § 2244(b)(1).  A claim that was not previously presented in a federal habeas petition also must be dismissed unless it satisfies one of two narrow exceptions:  it must rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  28 U.S.C. § 2244(b)(2).  If a district court finds a petition to be "second or successive," the court lacks jurisdiction to consider the merits and must transfer it to the Sixth Circuit for a determination of whether it should be authorized, rather than dismiss it outright.  28 U.S.C. § 2244(b)(3)(A) (a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application").  *See also Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016); *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

The Supreme Court addressed the interplay of Rule 60(b) and  § 2244(b) in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  The Court explained that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'"  *Id*. at 530.  And a "claim," as contemplated by AEDPA, is "an asserted federal basis for relief from a state court's judgment of conviction."  *Id*.  Rule 60(b) motions are appropriate "when no 'claim' is presented" and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction . . . ."[1]

---

[1] The *Gonzalez* Court held that the Rule 60(b) motion at issue in that case was proper, since it alleged that the federal courts misapplied the statute of limitations set out in Section 2244(d), which was a defect in the proceeding rather than a claim.  *Gonzalez*, 545 U.S. at 533.

*Id*. at 533.

The Court clarified in *Gonzalez* that Rule 60(b) "has an unquestionably valid role to play in habeas cases," but only when used to attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 533-34.  Thus, "[a] movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits." *Moreland,* 813 F.3d at 322-23 (citing *Gonzalez*, 545 U.S. at 532 n.4).  "But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'"  *Id*. at 323 (quoting *Gonzalez*, 545 U.S. at 531-32) (emphasis original).  The Court specifically noted that a Rule 60(b) motion is in effect a successor petition if it "seek[s] leave to present 'newly discovered evidence' . . . in support of a claim previously denied," *id*. at 2647 (internal citation omitted); and that "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 2648 n.5 (internal citation omitted).

The Sixth Circuit recently observed that Rule 60(b)(6) "confers upon the district court a broad equitable power to 'do justice'" in habeas actions. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010).  It explained, "Particularly in light of the approach taken by [the] Supreme Court in *Gonzalez*, Rule 60(b) represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a challenge to a prior denial of habeas relief." *Id*.  Nevertheless, it stated, Rule 60(b) "continues to have limited viability in the habeas

context." *Id.* at 335.  Indeed, relief under Rule 60(b) has always been "circumscribed by the interests in finality and the termination of litigation."  *Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (citing *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d 465, 468 (6th Cir. 2007)).

Of note here, the Sixth Circuit has applied *Gonzalez* to habeas petitioners' Rule 60(b) motions based on the performance of habeas counsel and determined they were second or successive petitions.  In *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), the petitioner asked for partial relief from the district court's judgment denying his habeas petition on the ground that his habeas counsel had failed to pursue discovery.  The court first found that the motion was precluded under 28 U.S.C. § 2254(i), which mandates that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  *Id*. at 422-23 (citing 28 U.S.C. § 2254(i)).  It further held that the motion was "clearly" a successive petition because it "seeks to advance, through new discovery, claims that the district court previously considered and dismissed on substantive, constitutional grounds: i.e., on the merits."  *Id*. at 424.  The *Post* court explained,

> It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure– after obtaining leave to pursue discovery–actually to undertake that discovery; all that matters is that Post is 'seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

*Id.* at 424-25 (citing *Gonzalez,* 545 U.S. at 531-32).

Even closer to this case is *Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011).  In *Brooks*, the

9

petitioner based a Rule 60(b) motion on habeas counsel's failure to present all possible claims

and counsel's conflict of interest because his father was a state court judge who had denied some

of the petitioner's claims on state collateral review.  *Id*. at 961.  The court found the petitioner's

"claims, as presented, [did] not undermine the 'integrity' of the first federal habeas

proceedings."  *Id*. at 963.  It considered the petitioner's first theory a "general ineffective

assistance of habeas counsel," which was "a plain-vanilla successive petition designed to do

nothing more than attack his earlier counsel's omissions."  *Id*.  It characterized the petitioner's

second basis as "a conflict of interest [that] led to the ineffective assistance of one of his habeas

counsel," and rejected it as well.  It explained that a habeas counsel's conflict of interest

> could under sufficiently egregious conditions haunt the integrity of a first federal
> habeas proceedings.  But that is not so here.  There were two counsel, not one,
> and both counsel challenged the relevant state court rulings.  Perhaps more
> importantly, the issue came to light during the appeal from the first proceedings,
> making it difficult to say that a second habeas proceedings is needed to correct
> the integrity of the first proceeding.

*Id.*  The court also stressed § 2254(i)'s bar on Rule 60(b) motions based on the ineffective

assistance of habeas counsel.  *Id*. at 963-64 (citing *Post*, 422 F.3d at 423).

**B.      District Courts' Jurisdiction over Rule 60(b) Motions and Successive Habeas
          Petitions**

The filing of a notice of appeal transfers jurisdiction of the case to the court of appeals,

and the district court no longer has jurisdiction "except to act in aid of the appeal."  *First*

*National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976).  Once

jurisdiction has transferred to the appellate court, if the district judge is disposed to grant a  Rule

60(b) motion that has been filed with the district court, the judge may enter an order so

certifying.  The moving party may then file a motion to remand with the court of appeals.  *Id*. at

346.  Absent a remand by the appellate court, a district court may not decide a Rule 60(b) motion to vacate judgment after notice of appeal has been filed.  *S. & E. Shipping Corp. v. Chesapeake & Ohio RRy. Co.,* 678 F.2d 636, 641 n.10 (6th Cir. 1982).

In *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), the Sixth Circuit considered a Rule 60(b) motion filed by a habeas petitioner while the appeal of the district court's denial of his original petition was pending.  The petitioner filed the Rule 60(b) motion, along with a motion to amend, to raise new claims and to supplement with new evidence previously litigated claims, one of which was based on the failure of trial counsel to obtain an expert.  *Id.* at 320. The petitioner claimed that under *Martinez*, he could now raise these claims even though they previously would have been found defaulted.  *Id.*  The court held that the petitioner was "using his Rule 60(b) motion to try to raise new habeas claims and to supplement already litigated claims with new evidence"; the motions, therefore, were second or successive petitions for habeas relief that the district court lacked jurisdiction to review.  *Id.* at 323.  It announced, "[A] Rule 60(b) motion . . . that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired."  *Id.* at 324.  "In other words," the court explained, "if the district court has not lost jurisdiction of the original habeas petition to the court of appeals, and there is still time to appeal, a post-judgment motion is not a second or successive habeas petition."  *Id.*

### C.     Hutton's Rule 60(b) Motion

Respondent argues that under *Moreland v. Robinson*, Hutton's Rule 60(b) Motion is in

fact a second and successive petition, over which this Court lacks jurisdiction.  (Doc. 82 at 6-8.)

Hutton replies that *Moreland* does not apply, as he is not raising a new "habeas claim."  (Doc.

83 at 2.)  He argues that, instead, his Motion seeks to lift the procedural bar this Court imposed

on his mitigation ineffective-assistance claim, a permissible use of a Rule 60(b) motion under

*Gonzalez*.  He will do that, he explains, by demonstrating "cause" and "prejudice" for the default

based on the ineffective assistance of post-conviction counsel pursuant to *Martinez* and *Trevino*.

(*Id*.)

Hutton's Motion fails on numerous fronts.  First, the very premise of the Motion is

incorrect.  As explained above, this Court did *not* find Hutton's ineffective-assistance claim

based on counsel's failure to investigate and present mitigation evidence procedurally defaulted.

(*See* ECF No. 67 at 35.)  Hutton, therefore, does not need to establish "cause" for the claim's

default by proving the ineffectiveness of post-conviction counsel and *Martinez* does not apply.

Without the *Martinez* issue, Hutton is left with nothing more than a motion to "present 'newly

discovered evidence' . . . in support of a claim previously denied.*"  Gonzalez*, 545 U.S. at 531.

This is precisely the type of Rule 60(b) request, filed while an appeal of the denial of the

original habeas petition is pending, that the Sixth Circuit found in *Moreland* to be a second and

successive petition and this Court may not review it.  *See Moreland,* 813 F.3d at 322 (citing

*Gonzalez*, 545 U.S. at 531-32) ("Rule 60(b) motions . . . may not be used as vehicles to

circumvent the limitations that Congress has placed upon the presentation of claims in a second

or successive application for habeas relief.").

Second, even if *Martinez could* apply here, Hutton's Motion still would be a successive

petition.  As explained above, in denying Hutton's Motion to Remand, the Sixth Circuit

expressly rejected Hutton's conflict-of-interest argument.  It reasoned that, as in *Brooks*, Hutton

had a second habeas attorney who could have discovered his co-counsel's allegedly deficient

post-conviction conduct and resulting conflict of interest and raised the *Martinez* issue to this

Court before it ruled on his Petition.  The Beech Brook records Hutton submits to support his

Motion are not "newly discovered evidence."  Doughten was aware of Hutton's commitment to

Beech Brook during post-conviction proceedings, as it is referenced in the affidavits he attached

to Hutton's Post-Conviction Petition.  Hutton's medical records from the facility, therefore,

presumably were available to Hutton and his attorneys throughout his state and federal

proceedings, including Doughten's habeas co-counsel.  *See Navarro v. Fuji Heavy Indus., Ltd.*,

117 F.3d 1027, 1032 (7th Cir. 1997)) ("If district judges were required to consider evidence

newly presented but not newly discovered after judgment, there would be two rounds of

evidence in a great many cases.").

Moreover, again like *Brooks*, the basis for Hutton's Motion is in essence "a conflict of

interest [that] led to the ineffective assistance of one of his habeas counsel."  *Brooks*, 660 F.3d at

963.  Hutton argues that Doughten's conflict of interest, caused by his failure to present the

Beech Brook records on post-conviction, resulted in his failure to raise the *Martinez* argument to

this Court.  But "an attack based on . . . habeas counsel's omissions" is precluded by § 2254(i).

*Post*, 422 F.3d at 423.  *Gonzalez* advises that this type of claim "ordinarily does not go to the

integrity of the proceedings, but in effect asks for a second chance to have the merits determined

favorably."  *Gonzalez,* 545 U.S. at 532 n.5.  And the Sixth Circuit already has indicated in

denying Hutton's Motion to Remand that Hutton's habeas counsel's conflict of interest, as in

*Brooks*, is not "sufficiently egregious" such that it would "haunt the integrity of a first federal

13

habeas proceedings." *Brooks*, 660 F.3d at 963.  Stripped of a compelling excuse for not

presenting the *Martinez* argument before this Court ruled on his original Petition, Hutton's

Motion again becomes just a vehicle to supplement a previously litigated claim with new

evidence – a clear successive petition.

Finally, even if *Martinez* did apply *and* Hutton's Motion were a true Rule 60(b) motion,

the Court would not review it.  This Court lacks jurisdiction over this case, so even if it were to

find the Motion meritorious, Hutton would have to seek a remand from the Sixth Circuit before

the Court could rule on it.  *See Hirsh*, 535 F.2d at 345 n.1.  The Sixth Circuit, however, already

has denied Hutton's request to remand his case to this Court so he could litigate his *Martinez*

argument.  Given this ruling, the Court finds it difficult to see how the entire exercise would not

be futile.

## III.     Conclusion

Accordingly, Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure (ECF No. 81) is denied as an attempt to file a second and

successive petition and the Court will transfer the motion to the Sixth Circuit for a determination

of whether it meets the requirements of 28 U.S.C. § 2244(b).

**IT IS SO ORDERED.**

> **s/ Christopher A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **UNITED STATES DISTRICT JUDGE**

DATED:  June 23, 2016